UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
LUIS PEREZ, on behalf of himself and all others similarly situated,

                        Plaintiffs,

-against-

ABARROTES MIXTECA CORP. and GUILLERMO IGLESIAS,

                        Defendants.
-------------------------------------------------------------X

**COMPLAINT**

Plaintiff LUIS PEREZ, individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1.    This action arises from the failure of Defendants ABARROTES MIXTECA CORP. and GUILLERMO IGLESIAS (collectively "Defendants") to pay overtime pay to Plaintiff LUIS PEREZ ("Plaintiff") and other employees of Defendants.

2.    Plaintiff brings this action on behalf of himself and all similarly situated employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, for failure to pay overtime for all hours worked over forty in a workweek. Plaintiff also brings this action to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11–56(a)(4)("NJWHL").

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5. Plaintiff LUIS PEREZ ("Plaintiff") is a resident of the State of New Jersey.

6. Defendants employed Plaintiff from October, 2019, until on or about December 30, 2020.

7. At all times relevant to this Complaint, Plaintiff was Defendants' employee within the meaning of the FLSA, 29 USC § 203(e) and the NJWHL.

8. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

9. Defendant ABARROTES MIXTECA CORP. ("Abarrotes Mixteca") is registered in the State of New York as a New York domestic corporation.

10. At all relevant times, Defendant Abarrotes Mixteca's principal place of business was located at 216 Midland Avenue, in Saddle Brook, NJ.

11. Defendant GUILLERMO IGLESIAS is an "employer" of Plaintiff and each member of the FLSA Collective and the Rule 23 Class, pursuant to the FLSA and NJWHL.

12. Defendant GUILLERMO IGLESIAS is the owner, chairman/chief executive officer, President and/or Manager of Defendant Abarrotes Mixteca.

13. Defendant GUILLERMO IGLESIAS has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff and each member of the FLSA Collective and the Rule 23 Class.

14. Defendant GUILLERMO IGLESIAS at all relevant times supervised the day-to-day operations of Defendant Abarrotes Mixteca.

15. According to its website, Abarrotes Mixteca is a Mexican American food distributor that describes its mission to develop and distribute the best food brands available. Its catalog includes "tortillas, jellies, and other foods that are available at local grocery stores".[1]

16. Defendants grossed more than $500,000.00 in each of the last four calendar years.

17. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

18. At all times relevant hereto, Defendants employed employees, including Plaintiff, and each member of the FLSA Collective and the Rule 23 Class, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

19. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

20. At all times relevant hereto, each of the Defendants has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NJWHL and NJWPL.

21. At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiff and each member of the FLSA Collective and the Rule 23 Class.

---

[1] http://tortillasmixteca.com/la-mixteca/ (last accessed 1/12/2021)

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings the First Cause of Action, FLSA claims, on behalf of himself and all similarly situated persons who worked for Defendants as a non-exempt employee at Defendants' warehouse who elect to opt-in to this action (the "FLSA Collective").

23. Consistent with the Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the required overtime wages for all hours they worked.

24. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the lawful overtime wages for all overtime hours worked.

25. Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay Plaintiff and the FLSA Collective the overtime wages required by law.

26. Defendants are aware or should have been aware that federal law required them to pay their employees the overtime wages required by law.

27. Plaintiffs and the FLSA Collective are similarly situated in that they are all non exempt employees subject to the wage and hour laws – and were all treated the same in that Defendants failed to pay them their required overtime wages.

28. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring the Second Cause of Action, their NJWHL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked for Defendants as a non-exempt employee at Abarrotes Mixteca, between the date that is six years back from the date of the filing of this Complaint and the date of final judgment in this matter (the "Rule 23 Class").

30. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

31. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

32. Upon information and belief, the size of the Rule 23 Class is at least 40 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

33. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

  a. Whether Defendants violated N.J.S.A. § 34:11-56(a), and the supporting New Jersey State Department of Labor regulations, by failing to pay Plaintiff and the Rule 23 Class the required overtime wages for all of their hours worked;

  b. Whether Defendants failed to keep true and accurate time records and pay records for all hours/shifts worked by Plaintiff and the Rule 23 Class, and other records required by the NJWHL;

  c. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of law; and

  d. The nature and extent of class-wide injury and the measure of damages for those injuries.

35. The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for the Defendants as non-exempt employees at Defendants' Abarrotes Mixteca warehouse. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NJWHL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

36. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Rule 23 Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the Rule 23 Class. Plaintiff recognizes that any resolution of a class action

must be in the best interest of the Rule 23 Class.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NJWHL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs often lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

38. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

39. In or about October, 2019, Defendants hired Plaintiff as a non-exempt employee, assigned to work in Defendants' office and warehouse.

40. Plaintiff reported directly to Defendant Guillermo Iglesias, owner and chief executive of Defendant Abarrotes Mixteca.

41. As a non-exempt employee assigned to work in Defendants' office and warehouse, Plaintiff's job duties included both office and warehouse tasks assigned by Defendants.

42. At all times, Defendants paid Plaintiff on a weekly basis.

43. Upon hiring him, Defendants paid Plaintiff a weekly salary of $750.00.

44. Plaintiff was not an exempt employee under the FLSA and the NJWHL and, at all times relevant hereto, was entitled to be paid overtime for all hours worked in excess of forty (40) in a workweek.

45. Throughout his employment by Defendants, Plaintiff regularly worked more than forty (40) hours per workweek without being paid (a) for all hours worked, and (b) overtime at the rate of time and one-half his regular hourly rate for all hours in excess of forty (40) worked in a workweek.

46. Throughout his employment with Defendants, Plaintiff was always scheduled to work for five (5) days each week, Monday through Friday.

47. However, from in or about December, 2019, until November, 2020, Defendants regularly scheduled Plaintiff to work six (6) days each week—Monday through Saturday.

48. Defendants scheduled Plaintiff to work twelve hours a day, usually from 6:00 or 6:30 AM until 6:00 or 6:30 PM. Defendants similarly scheduled the FLSA Collective Members and Rule 23 Class members to work twelve hours a day, five or six days per week but failed to pay them overtime premiums for hours worked in excess of forty per workweek.

49. Defendants automatically deducted thirty minutes for lunch.

50. However, due to the heavy volume of calls from clients and work, Plaintiff was often required to either work through his lunches or was interrupted and had his lunchbreaks cut short.

51. Plaintiff did not receive an uninterrupted thirty-minute lunch break.

52. Defendants never paid Plaintiff for work he performed during his lunchbreaks.

53. Defendants failed to keep accurate and sufficient time records for Plaintiff, the FLSA Collective Members, and Rule 23 Class members, as required by Federal and State laws.

54. Defendants violated Federal and State laws by failing to establish, maintain, and preserve, for not less than six (6) years, sufficiently detailed payroll and time records showing among other things, the hours worked, gross wages, deductions, and net wages for Plaintiff, the FLSA Collective Members, and Rule 23 Class members.

55. Defendants' record keeping and notice violations prevented Plaintiff, the FLSA Collective Members, and Rule 23 Class members from knowing their legal rights and from figuring out exactly how many hours, Defendants failed to compensate them for.

56. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff, the FLSA Collective Members, and Rule 23 Class members were not paid (i) for all hours worked, and (ii) overtime premiums at the rate of time and one-half their regular rate for all hours worked in excess of forty (40) hours in a workweek.

57. Upon information and belief, Defendants knew that the nonpayment of the wages and overtime premiums that they owed Plaintiff, the FLSA Collective Members, and Rule 23 Class members would economically injure Plaintiff, the FLSA Collective Members, and Rule 23 Class members and that the nonpayment violated the FLSA and the NJWHL.

58. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Members, and Rule 23 Class members knowingly, intentionally, and willfully.

### **FIRST CLAIM FOR RELIEF**

**Fair Labor Standards Act– Overtime**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

48. Plaintiff realleges and incorporate by reference all previous paragraphs as if they were set forth again herein.

49. At all times relevant, Plaintiff and the members of the FLSA Collective are or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

50. Plaintiff consents in writing to be parties to this action under 29 U.S.C. § 216(b). See Exhibit "A" attached hereto.

51. At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

52. Defendants failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

53. Plaintiff seeks damages in the amount of their respective unpaid overtime wages, liquidated damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New Jersey Wage and Hour Law – Overtime
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

54. Plaintiff realleged and incorporate by reference all previous paragraphs as if set forth fully herein.

55. Defendants failed to pay Plaintiff and the members of the Rule 23 Class the overtime wages to which they are entitled under the New Jersey Wage & Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL").

56. Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class Action Complaint.

57. At all times relevant to this action, Plaintiff and the members of the Rule 23 Class have been "employees" of Defendants, and Defendants have been "employers" of Plaintiff and the members of the Rule 23 Class within the meaning of the NJWHL, N.J.S.A. §34:11-56(a)(1).

58. As a direct consequence of Defendants' violations of the NJ Law, Plaintiff suffered and continue to suffer substantial injury.

59. Plaintiff and the members of the Rule 23 Class seek damages in the amount of their respective unpaid wages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NJWHL, and the NJWHL;

(b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) Designation of this action as a Collective Action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(d) Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs and as the Class Representatives of the Rule 23 Class and their counsel as Class Counsel;

(e) An award of unpaid overtime wages and other damages due under the FLSA, and the NJWHL;

(f) An award of liquidated damages as a result of Defendants' failure to pay minimum wages pursuant to the FLSA, and the NJWHL;

(g) Costs and expenses of this action, together with reasonable attorneys' fees;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues.

DATED:  March 1, 2021                                  Respectfully submitted,


       __s/ David Harrison_____
HARRISON, HARRISON & ASSOC., LTD
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiff, proposed FLSA Collective members, and proposed Rule 23 Class members*

# EXHIBIT "A"

# EXHIBIT "A"

Soy una empleada actual o anterior de Abarrotes Mixteca Corp. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Firmado este __7__ dia de __enero__, 2021.

DocuSigned by:
ABEAAABFD97841C...    Firma

Luis Duran
Nombre legal completo (deletreado)