UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS PEREZ, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABARROTES MIXTECA CORP. and GUILLERMO IGLESIAS,<br><br>Defendants. | Civil Action No. 2:21-cv-03924-KM-JBC<br><br>[~~PROPOSED~~] ORDER |

**WHEREAS,** Plaintiff Luis Perez ("Plaintiff") was employed by Abarrotes Mixteca Corp. ("Abarrotes") from on or about October 2019 until on or about December 30, 2020; and

**WHEREAS,** Plaintiff filed the instant action ("the Action") against Defendants Abarrotes Mixteca Corp. and Guillermo Iglesias (collectively, "Defendants") asserting claims for a failure to pay overtime compensation allegedly due and owing under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), and the New Jersey Wage & Hour Law, N.J.S.A. 34:11-56, et seq. ("NJWHL"); and

**WHEREAS,** Defendants deny Plaintiff's allegations in this Action and deny that they are liable for any clams under the FLSA and NJWHL possessed by Plaintiff, including, but not limited to, any claims for overtime compensation; and

**WHEREAS,** the parties have amicably resolved all of their differences in a ~~confidential~~ _attached hereto_ settlement agreement that covers all of Plaintiff's claims and potential claims against Defendants; and

**WHEREAS,** in order to effectuate the parties' intent to resolve Plaintiff's claims of unpaid overtime compensation under the FLSA and NJWHL, the parties seek this Court's approval of Plaintiff's waiver and release of his claim under the FLSA and the NJWHL relating to Plaintiff's employment with Abarrotes from on or about October 2019 through on or about December 30,

2020; and

**WHEREAS,** the parties represent that this ~~Confidential~~ Settlement Agreement and General Release reflects a reasonable compromise of disputed wage and hour claims, and was negotiated at "arms' length" and with the advice of counsel; and

**WHEREAS,** 29 U.S.C. § 216(b) and caselaw decided thereunder prohibit the waiver or release of wage claims under the FLSA except where approved by a Court or the United States Department of Labor; and

**NOW, THEREFORE,** it is on this 15th day of October 2021, hereby ORDERED as follows:

1. The Confidential Settlement Agreement and General Release be and is hereby approved with respect to Plaintiff's waiver and release of any and all rights and claims that he has under the FLSA and NJWHL ; and

2. Such waiver and release shall not be deemed void, invalid or unenforceable on account of 29 U.S.C. § 216(b) or caselaw decided thereunder.

_____
HON. James B. Clark, III, U.S.M.J.

On behalf of their respective clients, the attorneys for the Parties hereby consent to the form and content of the within Order.

**Harrison, Harrison & Assoc., Ltd.**　　DATED: 10/18/21
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(888) 239-4410
*Attorneys for Plaintiff*

By: /s/
David Harrison, Esq.


**Littler Mendelson P.C.**　　DATED: 10/18/21
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, NJ 07102
(973) 848-4760
*Attorneys for Served Defendants*

By: /s/
Jennifer I. Fischer, Esq.

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Luis Perez, on the one hand ("Perez"), and Abarrotes Mixteca Corp. ("AMC"), on the other hand. Hereinafter, Perez and AMC shall be collectively referred to as the "Parties."

WHEREAS, Perez filed a Complaint entitled *Luis Perez, on behalf of himself and all others similarly situated v. Abarrotes Mixteca Corp. and Guillermo Igelsias* (together, "Defendants") in the United States District Court for the District of New Jersey, where it bore Case No. 2:21-cv-03924, alleging claims relating to and arising out of his employment ("the Litigation");

WHEREAS, Defendants deny all allegations of wrongdoing with respect to Perez; and

WHEREAS, the Parties wish to amicably resolve the claims described in the Perez's Release of Claims section below, whether known or unknown, that Perez has or may have against AMC, its past, present and future parents, subsidiaries and affiliates, and its and their past, present and future officers, directors, employees, representatives, owners (including but not limited to Guillermo Iglesias and Segundo Henk), shareholders, investors, insurers, agents, successors, assigns, executors and heirs (hereinafter referred to collectively as the "Releasees"); and

NOW, THEREFORE, in consideration of the execution of this Agreement and a Stipulation of Dismissal with Prejudice, and for other good and valuable consideration, the Parties agree as follows:

1.      **Complete Agreement**.  This Agreement sets forth the complete agreement with respect to the resolution of the claims described in the Perez's Release of Claims section below and supersedes any and all prior agreements. Perez acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.



G.I

1

2. **Non-Admission of Liability.** Neither this Agreement nor anything contained in it shall be construed as an admission by Defendants that they have in any respect violated or abridged any federal, state or local law or any right or obligation that they may owe or may have owed to Perez. Rather, the Parties merely seek to amicably resolve the claims described in the Perez's Release of Claims section below. Accordingly, this Agreement shall not be admissible as evidence against, or as an admission by, any party except that the Agreement may be introduced in any proceeding to enforce the Agreement.

3. **Consideration to Perez.** In consideration for Perez entering into this Agreement and in full and complete satisfaction of the claims described in the Perez's Release of Claims section below against AMC and all Releasees, AMC shall pay to Perez the total gross amount of Eighteen-Thousand Five-Hundred Dollars ($18,500.00) (hereinafter, the "Settlement Payment") payable in one check made payable to "Harrison, Harrison & Associates, Ltd." in the gross amount of **$18,500.00**. **The Settlement Payment** represents Perez's alleged lost wages, liquidated damages, interest, and attorneys' fees and for which an IRS Form 1099 will issue to Harrison, Harrison & Associates, Ltd.

The Settlement Payment shall be provided to Perez's Counsel after AMC's Counsel receives the following:

(i) Signed Agreement;

(ii) A signed Stipulation of Dismissal with Prejudice;

(iii) A completed IRS Form W-9 for Perez's counsel; and

(iv) Proof of a clear child support judgment search for Perez pursuant to N.J.S.A. § 2A:17-56-23b.

Within 10 days of the Court's approval of the settlement or dismissal of the action, whichever is sooner, and provided that AMC's Counsel has received all of the documents listed above, AMC's Counsel shall mail the Settlement Payment to Perez's Counsel, via overnight mail, at Harrison,



Perez's Initials _____

GI

2

DocuSign Envelope ID: B5FF86FC-6FC4-4CAF-B915-D85CACC07726

Harrison & Associates, Ltd., 110 Highway 35, Suite # 10, Red Bank, New Jersey 07701.

4. **Taxation of the Settlement Payment.** AMC makes no representation regarding Perez's tax liability as a result of the Settlement Payment. In the event that it is subsequently determined that any federal, state or local taxes are owed with respect to the Settlement Payment or any portion thereof, Perez expressly acknowledges and agrees that he and/or his heirs, executors, administrators, agents, attorneys and assigns, and not AMC, or the Releasees, will be responsible for the payment of any such taxes, liabilities, payments, costs, interest and penalties. Except such taxes for which an employer is solely liable, Perez agrees to indemnify and hold harmless AMC, and the Releasees to the full extent of any such taxes, liabilities, payments, costs, interest and penalties, which may be assessed against AMC, or the Releasees in connection with the Settlement Payment. Perez further acknowledges and agrees that AMC has not provided any tax advice related to the Settlement Payment.

5. **Full Satisfaction.** Perez agrees and affirms that the consideration described in this Agreement shall constitute the entire amount of consideration provided to him under this Agreement and that he will not seek any further compensation for any other damages, costs, disbursements or attorneys' fees in connection with any of the matters encompassed by this Agreement. Perez further acknowledges and agrees that he has been properly paid for all hours worked and has not sustained any work-related injuries for which he has not already filed a claim. Perez further acknowledges that he would not otherwise be entitled to any of the Settlement Payment, but for his voluntary signing of this Agreement and commitment to its binding terms.

6. **Perez's Release of Claims.** As a material inducement to AMC to enter this Agreement, Perez, for himself and his heirs, executors, administrators and assigns, hereby irrevocably and unconditionally forever releases and discharges AMC and the Releasees, as defined in this Agreement, of and from any claim for unpaid wages that Perez may have relating to Perez's



Perez's Initials _____

G I

3

DocuSign Envelope ID: B5FF86FC-6FC4-4CAF-B915-D85CACC07726

performance of services for AMC as an employee. These claims and rights released include, but are not limited to, all claims under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. §216(b) and the New Jersey Wage & Hour Law ("NJWHL"), 34:11-56 *et seq.*, and all wage and hour claims for unpaid wages, overtime pay, back pay, front pay, lost benefits, compensatory damages, and liquidated damages, attorney's fees, costs and any other element of relief or damages which he claimed or could have claimed in the Litigation under the FLSA, NJWHL, any other wage-hour statute, or under the common law against the Releasees. Perez represents that with the receipt of the consideration described above, he has been paid in full for any claim for unpaid wages, overtime pay and/or liquidated damages that he may have claimed or could have claimed against the Releasees.

  b. Except as provided in Paragraph 7 below, Perez waives any right to become, and promises not to become, a member of any class in a case in which any claim or claims are asserted against AMC or any of the Releasees involving any act or event occurring at any time up until the date of Perez's execution of this Agreement. If any claim is brought on behalf of Perez against AMC or any of the Releasees involving any events occurring before the date of Perez's execution of this Agreement, or if Perez is named as a member of any class in a case in which any claim or claims are asserted against AMC or any of the Releasees involving any events occurring before the date of Perez's execution of this Agreement, Perez shall, upon notice of same, (a) immediately provide AMC with written notification of said claim with complete detail of it, (b) withdraw in writing and with prejudice from said claim or class, and (c) forward a copy of his withdrawal to AMC, care of Alan I. Model, Esq., Littler Mendelson P.C., One Newark Center, 8th Floor, Newark, New Jersey, 07102.

  c. Subject to the exceptions in Paragraph 7, Perez also agrees that he will not, in any manner, encourage, solicit or persuade any person or entity to pursue claims, charges or actions against AMC or any of the Releasees and that he will not assist any such person or entity in pursuing any such claims, charges or actions, except as may be required by law.



Perez's Initials _____

C. J

4

7. **Exceptions to Release.** The release contained in Paragraph 6 above does not affect or limit: (i) claims that may arise after the date Perez signs this Agreement; (ii) Perez's' right to enforce this Agreement; (iii) Perez's' right to receive benefits for workplace injury or illness under the Workers' Compensation Law, or (iv) any other claims that, under controlling law, may not be released by private agreement. In addition, nothing in this Agreement prevents, waives or limits Perez's' right to file a charge with any federal, state or local government agency tasked with the enforcement of any law, or to provide information to or assist any such government agency in any proceeding or investigation, provided, however, that Perez hereby agrees that by signing this Agreement, he relinquishes any right to receive any personal monetary relief or personal equitable relief with respect to any such claim filed by his or on his behalf.

8. **No Disparagement.** Perez agrees that he will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements, about AMC, whether by electronic, written or oral means (including, but not limited to, Perez's current or future employers, the press or other media). This paragraph is not intended to prohibit Perez from disclosing the details related to the Claims (i.e., the underlying allegations in his Complaint) to any third party. The Company agrees to instruct Guillermo Iglesias and Segundo Henk not to make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about Perez, whether by electronic, written or oral means.

9. **Waiver of Future Employment.** Perez agrees that he will not seek reemployment with AMC and agrees to waive any right to reemployment or reinstatement with AMC that he might have. Perez further explicitly agrees and acknowledges that the promises in this Agreement shall constitute good cause for refusal by AMC to consider Perez for future employment or re-employment and that such refusal shall not constitute unlawful conduct by AMC. Perez further acknowledges and agrees that, should he violate this provision, AMC may immediately terminate his employment



Perez's Initials _____

G. t

5

pursuant to this Paragraph and that such action shall not be deemed retaliation or wrongful discharge of any kind. However, if Perez becomes employed by an entity that contracts with AMC, he will not be required to resign his employment as a result of this provision.

10. **Severable Provisions**. In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not be affected or impaired thereby.

11. **Miscellaneous**. This Agreement shall in all respects be interpreted, enforced, governed and construed by and under the laws of the State of New Jersey. This Agreement shall be binding upon and inure to the benefit of the respective legal representatives, successors, heirs, and assigns of the Parties hereto to the extent permitted by law. This Agreement may be executed electronically and/or via Docusign, and may be executed in counterparts, each of which <u>when so executed shall be deemed an original and all such counterparts together shall constitute one and the same instrument. This Agreement may not be changed unless changes are made in writing and signed by Perez and an authorized representative of AMC.</u>

12. **Interpretation of Agreement**. The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement, as all Parties have fully participated in the preparation of all provisions of this Agreement. The headings provided for each paragraph in this Agreement are for the convenience of the Parties, are not intended to modify the terms of the Agreement and shall not be deemed to be part of the Agreement for purposes of interpreting the contents of each paragraph. In the event that any party breaches any provision of this Agreement, the Parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.



Perez's Initials _____

6

13. **Knowing and Voluntary Waiver and Release.** Perez acknowledges and agrees that: (a) no promise or inducement for this Agreement has been made by the AMC except as set forth in this Agreement; (b) this Agreement is executed by Perez freely and voluntarily, and without reliance upon any statement or representation by the Company other than as set forth herein; (c) Perez fully understands this Agreement and the meaning of its provisions; (d) Perez fully understands that he is giving up important rights set forth herein; (e) he is legally competent to enter into this Agreement and to accept full responsibility therefor; (f) he has consulted with counsel before entering into this Agreement; (g) he agrees that he had sufficient time to consider whether or not he should enter into this Agreement; and (h) no fact, evidence, event or transaction currently unknown to him which hereafter may become known to him shall affect in any manner the final and unconditional nature of the release embodied herein.

*NOW, THEREFORE,* by signing below, the Parties have executed and agreed to all of the provisions, terms and conditions of this Settlement Agreement and Release, freely and voluntarily.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL WAGE-RELATED CLAIMS, KNOWN AND UNKNOWN, WHICH COULD HAVE BEEN BROUGHT IN THE LITIGATION, INCLUDING, WITHOUT LIMITATION, ALL CLAIMS ARISING UNDER ANY FEDERAL, STATE OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

_____        Dated: 8/12/2021
Luis Perez

Abarrotes Mixteca Corp.

By: _Guillermo Iglesias_____        Dated: 05/20/2021
    Guillermo Iglesias


Perez's Initials _____

GI

7